**No. 22-1765**

# United States Court of Appeals for the Federal Circuit

VOLVO PENTA OF THE AMERICAS, LLC,
*Appellant*

v.

BRUNSWICK CORPORATION,
*Appellee*

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2020-01512

## REPLY BRIEF OF APPELLANT VOLVO PENTA OF THE AMERICAS, LLC

John C. Alemanni
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road Suite 1400
Raleigh, NC 27609
(919) 420-1724

N. Dean Powell, Jr.
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
(336) 607-7347

Andrew N. Saul
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE Suite 2800
Atlanta, GA 30309
(404) 815-6585

*Counsel for Appellant Volvo Penta of the Americas, LLC*

December 12, 2022

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2022-1765

**Short Case Caption** Volvo Penta of the Americas, LLC v. Brunswick Corporation

**Filing Party/Entity** Volvo Penta of the Americas, LLC

**Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 12/12/2022

Signature: /s/ John C. Alemanni

Name: John C. Alemanni

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Volvo Penta of the Americas, LLC | | Mack Trucks, Inc., VNA Holding Inc., & AB Volvo |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| Volvo Penta of the Americas, LLC v. Brunswick Corporation, C.A. No. 1:20-cv-01678 (DDE) | | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

SUMMARY OF THE ARGUMENT ....................................................................1

ARGUMENT ..........................................................................................2

I. The Board Erred Primarily But Not Exclusively by Ignoring Relevant Evidence...........................................................................................2

A. Brunswick's Own 70 Year-Old Kiekhaefer Outboard Motor Patent Provides No Motivation to Combine Outboards with Stern Drives Such as Brandt...............................................................2

B. Mr. Sweet Is Not a POSITA, and the Board's Reliance on His Testimony to Find a Motivation to Combine Brandt and Kiekhaefer Was Error.......................................................................5

C. Brunswick's Generic Motivation to Combine Cannot Support Obviousness.........................................................................................8

D. The Board Erred by Ignoring the Vast Number of Changes Necessary to Create a Forward-Facing Stern Drive From an Existing Rear-Facing Stern Drive as Evidence of the Non-Obviousness of Volvo Penta's Claims. ............................................10

E. The Board's Disregard of the Inoperability of Brunswick's Crusty Drive as "Not Necessary" for a Finding of Obviousness Was Error. ........................................................................................12

F. The Board's Decision to Find the Claims Obvious Was Preordained Because It Relied on Impermissible Hindsight, Not Because of Some Conspiratorial "Improper Reason."........................15

II. The Board's Vague Conclusions Regarding Volvo Penta's Extensive Evidence of Secondary Considerations of Non-Obviousness Were Legally Erroneous and Unsupported by Substantial Evidence. ....................15

III. The Board's Finding of No Nexus Was Also Unsupported by Substantial Evidence and Legal Erroneous. ..................................................20

IV. Brunswick's Attempt at a Belated Cross-Appeal Based on the Board's Allegedly Errant Claim Construction Should Be Rejected. ..........................22

CONCLUSION ........................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012) ....................9

*Application of Hoeksema*, 379 F.2d 1007, 1011 (C.C.P.A. 1967), *on reh'g*,
399 F.2d 269 (C.C.P.A. 1968) ....................11

*Application of Lettvin*,
339 F.2d 249, 251 (C.C.P.A. 1964) ....................8

*Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*,
119 F.3d 953 (Fed. Cir. 1997) ....................4

*Bailey v. Dart Container Corp. of Mich.*,
292 F.3d 1360 (Fed. Cir. 2002) ....................23

*Broadcom Corp. v. International Trade Commission*,
28 F.4th 240 (Fed. Cir. 2022) ....................8, 9

*ClassCo, Inc. v. Apple, Inc.*,
838 F.3d 1214 (Fed. Cir. 2016) ....................19

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Pat. Litig.*,
676 F.3d (Fed. Cir. 2012) ....................15, 16

*In re Depomed, Inc.*,
680 F. App'x 947 (Fed. Cir. 2017) (Reyna, J. concurring) ....................16

*Ecolochem, Inc. v. S. Cal. Edison Co.*,
227 F.3d 1361 (Fed. Cir. 2000) ....................21

*Graham v. John Deere Co. of Kan. City*,
383 U.S. 1 (1966) ....................7

*Hamilton Beach Brands, Inc. v. f'real Foods, LLC*, 908 F.3d 1328,
1337 (Fed. Cir. 2018) ....................23, 24

*Indivior Inc. v. Dr. Reddy's Laboratories, S.A.*,
930 F.3d 1325 (Fed. Cir. 2019) ....................19

*J.T. Eaton & Co. v. Atl. Paste & Glue Co.*,
106 F.3d 1563 (Fed. Cir. 1997) ....................................................................20, 21

*Leo Pharm. Prods., Ltd. v. Rea*,
726 F.3d 1346 (Fed. Cir. 2013) ..........................................................................4

*In re Nuvasive, Inc.*,
842 F.3d 1376 (Fed. Cir. 2016) ........................................................................17

*Oren Technologies, LLC v. Proppant Express Investments LLC*,
No. 2019-1778, 2021 WL 3120819 (Fed. Cir. July 23, 2021) ...........................21

*Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys, Inc.*,
520 F.3d 1358 (Fed. Cir. 2008) ....................................................................12, 13

*Pers. Web Techs., LLC v. Apple, Inc.*,
848 F.3d 987 (Fed. Cir. 2017) ..........................................................................17

*PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*,
815 F.3d 734 (Fed. Cir. 2016) ......................................................................20, 21

*Radio Steel & Mfg. Co. v. MTD Prods., Inc.*,
731 F.2d 840 (Fed. Cir. 1984) ..........................................................................23

*Rovalma, S.A. v. Bohler-Edelstahl GmbH & Co. KG*,
856 F.3d 1019 (Fed. Cir. 2017) ........................................................................17

*Sloan Valve Co. v. Zurn Indus., Inc.*,
No. 10-CV-00204, 2013 WL 6068790 (N.D. Ill. Nov. 18, 2013)........................7

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016) ........................................................................21

## SUMMARY OF THE ARGUMENT

The Board erred by engaging in hindsight and failing to consider the totality of the evidence when making its obviousness determination. Rather than address this failing, Brunswick instead deflects and speculates about what the Board might have done and then engages in the same myopic and selective consideration of the evidence as the Board's Final Written Decision. Brunswick even suggests Volvo Penta has asserted some sort of conspiratorial "improper reason" by the Board to reach its obviousness determination. But such arguments and suggestions are incorrect and attempt to distract from the Board's error in relying on hindsight to reach its obviousness consideration. For example, Brunswick's Response Brief spends several pages speculating about how the Board *might* have viewed the failed Crusty Drive demonstrative. But it is the Board that must provide that analysis, and the Board failed to do so. Nothing in Brunswick's Response justifies the Board's failure to consider all of the evidence and, perhaps more importantly, explain its conclusion of obviousness in view of the totality of the evidence.

Brunswick also, and for the first time, challenges the Board's claim construction and asks this Court to reverse and remand on that basis. Brunswick waived this argument by failing to appeal the Board's decision.

The Board's decision should be reversed, or at the very least remanded so that the Board can consider all the evidence and provide a reasoned weighing of

Volvo Penta's evidence concerning the secondary considerations of non-obviousness.

## ARGUMENT

### I. The Board Erred Primarily But Not Exclusively by Ignoring Relevant Evidence.

#### A. Brunswick's Own 70 Year-Old Kiekhaefer Outboard Motor Patent Provides No Motivation to Combine Outboards with Stern Drives Such as Brandt.

The Board correctly found that "the independent claims are limited to improvements involving stern drives, and do not encompass, for example, improvements involving outboard propulsion systems." Appx0020. The Board further found that Brunswick's Kiekhaefer reference "only discloses improvements involving outboard propulsion systems." Appx0025. Brunswick acknowledges both of these findings (Brief of Appellee, D.I. 16 (hereinafter, "Response"), 9, 60). But Brunswick cannot explain how the Board can find both that the claims do not encompass "improvements involving outboard propulsion systems" and are rendered obvious by "improvements involving outboard propulsion systems." Brunswick instead deflects, inventing a strawman argument that Volvo Penta never raised.

Brunswick asserts in its Response that Volvo Penta has made the argument that "because the claims do not cover outboard motors, any outboard motor prior art is irrelevant to an obviousness analysis." Response, 27. Brunswick then goes

about tearing down its strawman, noting that "[p]rior art need not anticipate the claims in order to be considered in the obviousness analysis." *Id.* (citing 35 U.S.C. § 103). But this is not the error that Volvo Penta has identified. Rather, based on the Board's finding that the claims do not encompass "improvements involving outboard propulsion systems," a POSITA, in possession of the Brandt stern drive reference, simply would not have consulted the Kiekhaefer outboard motor reference in the first place.

Not only are the Board's inconsistent findings irreconcilable, but the Board compounded this error by ignoring important context regarding the Kiekhaefer reference. Kiekhaefer is a patent directed to a reversible outboard drive which Brunswick filed more than 70 years ago. Appx1643. But the age of Kiekhaefer alone is not the sole basis of Volvo Penta's argument. And the Board's myopic focus on the age of the reference alone is error.

In the decades following Brunswick's filing for Kiekhaefer, neither Brunswick nor anyone else in the industry ever commercialized a forward-facing drive. Appx4521-4522. There is no evidence in the record that Brunswick referenced its own Kiekhaefer patent in designing its copycat product. Instead, it was Volvo Penta's invention in the '692 Patent which revolutionized and transformed the industry.

Volvo Penta's Brandt patent directed to a rear-facing stern drive issued 40 years after Kiekhaefer's filing. Appx1645. In all the years since Brandt, despite Brunswick competing with Volvo Penta in the stern-drive market, Brunswick never developed a forward-facing drive, i.e., Brunswick never applied the teachings of Kiekhaefer to its own rear-facing stern drives. *Id.* Rather, several years following Volvo Penta's launch of its commercial embodiment of the '692 Patent (the Forward Drive), Brunswick – as the Board found – copied the design of the Forward Drive for its own Bravo Four S drive. Appx4522; Appx4523; Appx4543. And Brunswick decided to copy Volvo Penta's Forward Drive rather than consult the forward-facing drive design taught by its own Kiekhaefer reference. Thus, the age of the references, coupled with Brunswick having never developed a forward-facing stern drive despite possessing Kiekhaefer for decades, is compelling evidence of non-obviousness. The Board ignored this important context.

This Court has held that in such a situation, "[t]he length of the intervening time between the publication dates of the prior art and the claimed invention can . . . qualify as an objective indicator of nonobviousness." *Leo Pharm. Prods., Ltd. v. Rea*, 726 F.3d 1346, 1359 (Fed. Cir. 2013); *see also Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 957-58 (Fed. Cir. 1997) ("Indeed, the years of

use of salty bait and of plastic lures, without combining their properties, weighs on the side of unobviousness of the combination.”).

Even standing alone, the Board’s conclusion regarding the age of the reference is not based on substantial evidence. Brunswick argues that the Board appropriately rejected this argument on the basis that there was no long-felt need for a forward-facing stern drive during the intervening years after Kiekhaefer and Brandt. Response, 31. The evidence is overwhelmingly contrary. The undisputed evidence before the Board was that Brunswick delayed entering the wake surf market despite long-standing and significant market pressures to develop and release a forward-facing stern drive suitable for that market. For example, Brunswick’s business case touted its urgent need to release a forward-facing stern drive due to significant growth in the relevant market going back nearly a decade before its decision to copy Volvo Penta’s forward drive. Appx4522; *see also* Appx0876; Appx1734-1736. The Board also ignored this compelling evidence. This flaw – the failure to consider the totality of the evidence – is present throughout the Board’s decision.

### B. Mr. Sweet Is Not a POSITA, and the Board’s Reliance on His Testimony to Find a Motivation to Combine Brandt and Kiekhaefer Was Error.

The Board further errs by improperly relying on the testimony of Volvo Penta’s business employee Andrew Sweet to find a motivation to combine Brandt

and Kiekhaefer. Appx0047-0048. Mr. Sweet's testimony concerns what Volvo Penta learned during testing of another type of drive incorporating a forward-facing propeller. Appx1813, 43:3-9. Specifically, Mr. Sweet testified, "we knew from the IPS product that we have, that we had brought to market in 2005, that putting the propellors on the front of the stern drive created quite a bit of efficiency. . . ." *Id.* The Board improperly relied on this testimony for its assertion that a POSITA would have understood that Kiekhaefer's teachings apply to stern drives. Appx0047.

This was legal error. The Board itself acknowledged that Mr. Sweet is not a POSITA. Appx0047-0048 ("Patent Owner appears correct that Mr. Sweet is not a person of ordinary skill in the art . . . ."). And the Board provided no suggestion that any POSITA was aware of Mr. Sweet's knowledge. Thus, this evidence cannot support the Board's conclusion that one of skill in the art would have relied on Kiekhaefer's teachings to modify a stern drive.

Brunswick does not address this hole in the Board's reasoning. Rather, Brunswick deflects, arguing that Mr. Sweet was testifying, not in his personal capacity, but as Volvo Penta's corporate representative. Response, 23. Brunswick's assertion misses the point. Whether Mr. Sweet was testifying in his personal capacity or as a corporate representative, he was not testifying as a POSITA or suggesting what a POSITA would have known. The Board acknowledged this fact

but then inexplicably ignored it in its analysis. The Board never attempted to establish that what Mr. Sweet testified to was somehow representative of the knowledge of a POSITA at the time of the invention. Similarly, Brunswick never attempts to establish, based on the evidence of record, that a POSITA would have had this knowledge.

Reliance on non-POSITA testimony is insufficient to establish the knowledge of a POSITA. *See Graham v. John Deere Co. of Kan. City*, 383 U.S. 1, 3 (1966) (stating that the obviousness inquiry is with respect to the knowledge of a person having ordinary skill in the art at the time of the invention); *see also, e.g.*, *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10-CV-00204, 2013 WL 6068790, at *3-7 (N.D. Ill. Nov. 18, 2013) (striking testimony concerning obviousness because witness was not a person of ordinary skill in the art). Brunswick's reliance on corporate representative knowledge cannot cure the Board's errant reliance on non-POSITA testimony.

Moreover, Brunswick's position ignores entirely that neither Brunswick nor the Board below cited any evidence that Volvo Penta's testing of its IPS drive was publicly known, much less known by a POSITA, such that it might support a finding of obviousness. Instead, Brunswick posits that "the efficiency gains from pulling-drives are so apparent that they can be recognized even by those without skill in the art." Response, 24. But this speculation is unsupported by evidence.

Brunswick, in attempting to support its assertion, instead cites to *dicta* in a nearly sixty-year-old case, *Application of Lettvin*, 339 F.2d 249, 251 (C.C.P.A. 1964). But the *Lettvin* court's statement was in the context of determining what a POSITA would have understood based on the ordinary use of a material at issue in *Lettvin*: *Lettvin* does not support Brunswick's assertion that testimony of a non-POSITA is evidence supporting an obviousness combination, and the Court should reject it. The Board's reliance on Mr. Sweet – a non-POSITA – to find a motivation to combine Brandt and Kiekhaefer was plain legal error.

### C. Brunswick's Generic Motivation to Combine Cannot Support Obviousness.

Not only are the Board's finding regarding the inapplicability of outboard population systems and obviousness irreconcilable, but the lone statement in Kiekhaefer on which the Board relied, concerning "increased speed" provides insufficient support, without the aid of hindsight, for the Board's finding of a motivation to combine Brandt's stern drive with the outboard motor of Kiekhaefer. Such generic motivation, particularly when considering references focusing on disparate types of propulsion systems, is insufficient to support an obviousness conclusion.

Again attempting to excuse the Board's error, Brunswick cites *Broadcom Corp. v. International Trade Commission*, 28 F.4th 240, 251 (Fed. Cir. 2022), for the proposition that a generic motivation may form the basis for an obviousness

determination. *Broadcom* contains no such holding. In *Broadcom*, this Court noted that the patent owner asserted that "the Board improperly reconstructed [a claim limitation] by modifying [one reference] to achieve a . . . feature based on a generic motivation to combine [the teachings of two other references.]" *Id.* The *Broadcom* court however made no finding that the Board in fact relied on a generic motivation in reaching the Court's decision to affirm the Board's decision. *Broadcom* provides no support for Brunswick.

Brunswick also attempts to differentiate *ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312, 1328 (Fed. Cir. 2012), in which this Court held that a jury cannot reasonably find the motivation to support obviousness based solely on testimony that "is generic and bears no relation to any specific combination of prior art elements," and that "fails to explain why a person of ordinary skill in the art would have combined elements from specific references *in the way the claimed invention does*." *Id.* Brunswick argues the Board properly relied on evidence "that skilled artisans would expect modifying Brandt's stern drive to include specific features from Kiekhaefer (a pulling-propeller arrangement) to increase the speed and efficiency of Brandt's stern drive," which it contends is not "generic" but rather "specific evidence." Response, 25. Not so. There is no evidence in the record that a desire simply for "increased speed" would motivate a POSITA to modify Brandt with the teachings of Kiekhaefer to arrive at

the claimed forward-facing stern drive. But there is significant evidence to the contrary. For example, in the wake surfing market, the target market for Volvo Penta's innovative drive and Brunswick's copy, the boat travels at very low speeds: "only 10 to 12 mph." Appx3712. The Board's reliance on Kiekhaefer's generic reference of "increased speed" as Kiekhaefer's 'hook' for combination with Brandt to arrive at the specific combination of claim elements in the '692 Patent could only result through reliance on impermissible hindsight.

### D. The Board Erred by Ignoring the Vast Number of Changes Necessary to Create a Forward-Facing Stern Drive From an Existing Rear-Facing Stern Drive as Evidence of the Non-Obviousness of Volvo Penta's Claims.

The Board erred when it disregarded the numerous additional changes that would have been required in order to combine Brandt and Kiekhaefer as evidence of non-obviousness. As discussed in Volvo Penta's Opening Brief (at 36-27), stern drives as taught by Brandt are exceedingly complex systems in which any adjustment of one variable can affect the performance of the entire system. Appx4171, ¶ 78; Appx4064-4065, ¶ 90; Appx4065-4066, ¶ 92. For example, in order to rotate the lower unit of Brandt as Brunswick proposed, the geometry of the lower unit as a whole would have required almost a complete redesign (including the cross-sectional shape of the foil to have an elliptical shape leading edge and a tapered trailing edge for efficiency). Brunswick's expert conceded this. Appx4057-

4058, ¶ 79; Appx4377, 136:17-19. Numerous other, highly complex changes would have been required as well. Opening Brief, 26-27.

The Board found that many of the modifications "are not necessary, but merely proposed to optimize the proposed modification." Appx0059. But the Board neither identified which changes it determined to be mere optimizations, nor explained why it felt so. Brunswick, in its defense of the Board, cherry-picks specific examples which Brunswick contends would not have been necessary for an operable drive. For example, Brunswick now argues that the Board credited testimony of its expert that "removing the fin merely 'improve[s] operation of the modified drive,'" and that "the process is simply removing a screw." Response, 36. But the Board ***nowhere*** in its Final Written Decision identified any specific change which it determined would not have been necessary to achieve an operable drive. Brunswick engages in speculation as to what the Board purportedly credited, but without any elucidation in the Board's Final Written Decision, Volvo Penta and this Court are unable to evaluate the soundness of the Board's decision.

In any event, Brunswick again misses the point. Whether the modifications are deemed "necessary" or "mere optimizations," the sheer number of changes necessary to create a forward-facing stern drive from an existing rear-facing stern drive is evidence that helps to demonstrate the non-obviousness of the Volvo Penta claims. *See*, *e.g.*, *Application of Hoeksema*, 379 F.2d 1007, 1011 (C.C.P.A. 1967),

*on reh'g*, 399 F.2d 269 (C.C.P.A. 1968) (acknowledging that "complexity may be a factor in determining the obviousness of [a claim]"); *cf. Ortho-McNeil Pharm., Inc. v. Mylan Lab'ys, Inc.*, 520 F.3d 1358, 1364 (Fed. Cir. 2008) (faulting expert for improperly employing hindsight bias when he discounted the "number and complexity" of the alternative solutions available). The Board's failure to properly consider, on the record, Volvo Penta's evidence of the numerous complex modifications necessary to implement the Brandt-Kiekhaefer combination, was error.

### E. The Board's Disregard of the Inoperability of Brunswick's Crusty Drive as "Not Necessary" for a Finding of Obviousness Was Error.

The Board also erred when it ignored compelling evidence that the claims would have been non-obvious – where Brunswick itself, using the claims of the '692 Patent as a roadmap and having purchased Volvo Penta's own commercial embodiment of a Brandt stern drive as a starting point, attempted to physically implement the modifications it asserted were non-obvious, and utterly failed to produce an operable stern drive. The Board did not consider the Crusty Drive failure as part of the totality of evidence when making its obviousness determination. Appx0062-0063. Attempting to excuse the Board's error, Brunswick resorts to speculating about what the Board might have done had it

considered the failed Crusty Drive. Such speculation by Brunswick cannot save the Board's flawed obviousness determination.

Specifically, Brunswick purchased a Volvo Penta Duoprop drive (a commercial embodiment of the prior art Brandt patent) and asked its Vice President of Engineering to attempt to create a forward-facing stern drive as recited by the claims of the '692 Patent. Appx0751. Brunswick's goal was to demonstrate that its "proposed modifications are well within the knowledge of a POSITA." *Id.* Brunswick's effort backfired and demonstrated just the opposite. The resulting Crusty Drive was *indisputably* inoperable for even its most basic purpose – to propel a boat through water. Brunswick's own Vice President of Engineering conceded on cross examination that it would be a "bad idea" if the Crusty Drive were used in water. *See*, *e.g.*, Appx4859-4862, 33:7-36:12. Unsurprisingly, Brunswick admitted to never installing the Crusty Drive on a boat for testing. Appx4853, 27:5-7; Appx4855-4856, 29:13-30:8. Thus, Brunswick failed to support its assertion that rotating the lower gear case 180 degrees would have been a "simple and routine" modification. As Brunswick's Vice President of Engineering conceded, all Brunswick did was take a rear-facing stern drive and make it inoperable.

Brunswick now disputes that the Crusty Drive was inoperable. According to Brunswick, all it intended to show was that "when the input shaft turned, the

propeller shaft turned." Response, 38 (citing Appx0788). It is surprising that Brunswick would enlist its Vice President of Engineering to demonstrate the seemingly elemental fact that when two shafts were linked together, they would turn in unison. In any event, this is not the appropriate inquiry. The claims of the '692 Patent recite a "steerable tractor-type drive for a boat." Brunswick's Crusty Drive does not demonstrate the suitability or feasibility of reversing Brandt, which is what Brunswick claims to have been doing. Response, 37. In fact, the Crusty Drive demonstrates the opposite.

Brunswick, apparently cognizant of the impact of its failure, now argues that its entire effort to render what it terms a "proof of concept" should be ignored, simply because "Brunswick's proof-of-concept experiment was unnecessary to the Board's decision . . . ." Response, 40. Brunswick parrots the Board's position below, that a "working demonstration (or 'proof of concept[]') of the proposed modification is *not necessary* to support a conclusion of obviousness." Appx0063. While it is unclear what concept Brunswick and the Board were attempting to prove, Brunswick and the Board misconstrued Volvo Penta's argument concerning the Crusty Drive's inoperability. It is the fact that Brunswick took the initiative to attempt the modification *and then failed to render an operable forward-facing stern drive* which the Board should have considered in its obviousness

determination. That the Board ignored such compelling evidence – Brunswick's own failure to accomplish the modification it proposed – was error.

### F. The Board's Decision to Find the Claims Obvious Was Preordained Because It Relied on Impermissible Hindsight, Not Because of Some Conspiratorial "Improper Reason."

Brunswick attempts to deflect from Volvo Penta's arguments that the Board engaged in hindsight, which is error, by suggesting that Volvo Penta has accused the Board of some undefined "improper reason" for its findings. Appx0040. This is false. Volvo Penta's arguments focus on the Board's decision and demonstrate that the Board's hindsight-driven conclusion of obviousness ignores voluminous evidence by selectively considering only a subset of evidence in the record, resulting in a pre-ordained conclusion of obviousness – deciding the outcome before considering the totality of the evidence.

## II. The Board's Vague Conclusions Regarding Volvo Penta's Extensive Evidence of Secondary Considerations of Non-Obviousness Were Legally Erroneous and Unsupported by Substantial Evidence.

The Board's analysis and associated discounting of Volvo Penta's evidence of secondary considerations was legal error. As a fundamental matter, this Court has held that a two-step burden-shifting scheme in an obviousness analysis is improper. *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Pat. Litig.*, 676 F.3d at 1063, 1075 (Fed. Cir. 2012). In *Cyclobenzaprine*, the district court erred by making an obviousness determination before considering the

patentee's secondary considerations of non-obviousness. This Court noted that a fact finder must "consider all evidence relating to obviousness before finding a patent invalid on those grounds." *Id.* Failure to do so results in an impermissible burden-shifting scheme for which there is "no practical need." *Id.* at 1080 n.7.

In this case, the evidence demonstrates that the Board ignored evidence of nonobviousness and thus employed such a burden-shifting scheme. Appx0027-0064. Specifically, prior to any consideration of evidence of secondary considerations of non-obviousness, the Board stated "we determine, **in light of the complete record**, that Petitioner has shown by a preponderance of the evidence" the claims to be obvious. Appx0063 (emphasis added). But the Board did **not** consider the complete record as a whole; only after concluding that the claims were obvious, did the Board consider Volvo Penta's secondary considerations of non-obviousness. Appx0065-0088; Appx1285-1309. Deferring consideration of objective considerations until after deciding a claim would have been obvious allows hindsight bias to infect step one (the *prima facie* showing) and limits the meaningfulness of step two. *In re Depomed, Inc.*, 680 F. App'x 947, 955 (Fed. Cir. 2017) (Reyna, J. concurring). And as discussed at length, the Board then compounded its error by failing to address all of Volvo Penta's secondary considerations. Brunswick woefully fails to defend the Board's impermissible approach to the secondary considerations. The Board erred in its failure to consider

Volvo Penta's evidence of secondary considerations as part of the totality of evidence.

The Board's improper two-step analysis aside, the Board also committed legal error in failing to adequately explain the weight it was ascribing the numerous secondary considerations raised. For example, the Board found credible Volvo Penta's evidence that Brunswick *copied* Volvo Penta's Forward Drive for the design of its Bravo Four S. Brunswick bought and analyzed a Forward Drive as part of its development of its own forward-facing stern drive. Appx0074-0075; Appx1295. Brunswick couched this as activity it coined "benchmarking," but the Board found "[t]he record supports that the 'benchmarking' process by Petitioner was more akin to 'copying' than to a mere assessment of a competitor's products." Appx1297. However, despite finding ***actual copying***, however, the Board's conclusion on the 'copying' factor indicates only that the evidence in support thereof was "entitled to ***some weight*** of nonobviousness" (Appx1299 (emphasis added)), rendering it impossible to evaluate the Board's ultimate determination of obviousness. *See*, *e.g.*, *Pers. Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 993 (Fed. Cir. 2017) (remanding in view of the Board's failure to "sufficiently explain and support [its] conclusions"); *In re Nuvasive, Inc.*, 842 F.3d 1376, 1385 (Fed. Cir. 2016) (same); *see also Rovalma, S.A. v. Bohler-Edelstahl GmbH & Co. KG*, 856 F.3d 1019, 1026 (Fed. Cir. 2017) ("The Board has not provided a sufficiently

focused identification of the relevant evidence or explanation of its inferences for us to confidently review its decision and avoid usurping its fact-finding authority.”).

The Board also acknowledged evidence that Volvo Penta’s “Forward Drive essentially created a new market for stern drives,” “that this new market for wake surfing has been growing at ‘double digit growth rates,’” and “that sales of the ‘Forward Drive have increased significantly since its launch in 2015.’” Appx0078-0079; Appx1299-1300. The Board also agreed the record shows that “more and more boat builders are offering the Volvo Penta Forward Drive as original equipment, including boats specifically designed to incorporate the Forward Drive,” and that Brunswick was feeling pressure in this market. Appx0079; Appx1300. Yet without any reasoned explanation, the Board again ascribed this evidence, vaguely, “some weight.”

The Board’s review of Volvo Penta’s extensive evidence of industry praise, skepticism, long-felt but unsolved need, and failure of others fared no better. On the evidence pertaining to each of these factors the Board simply ascribed either “some, but not considerable, weight” or “little weight,” in isolation, with little explanation why.

Brunswick provides no meaningful defense of the Board’s failure to meaningfully weigh the evidence. For example, what did the Board mean by

"some weight?" Brunswick provides no insight, nor can it. Brunswick instead cites two cases, *Indivior Inc. v. Dr. Reddy's Laboratories, S.A.*, 930 F.3d 1325, 1346 (Fed. Cir. 2019), and *ClassCo, Inc. v. Apple, Inc.*, 838 F.3d 1214, 1220 (Fed. Cir. 2016), for its apparent proposition that precedent holds that the Board's failure to explain the weight it was ascribing was nonetheless permissible. Neither case supports Brunswick. In *Indivior*, this Court merely recognized that the district court below properly gave "some weight" (this Court's phrase, not the district court's) to certain evidence of secondary considerations, and then importantly, *affirmed* the district court's determination of non-obviousness. *Id.* at 1344. *Indivior* did not address whether it was permissible for a court to vaguely ascribe evidence "some weight" without explanation.

*ClassCo* fares even worse for Brunswick. In *ClassCo*, this Court found that the Board "should have given some weight and consideration" to certain evidence of secondary considerations and faulted the Board for not doing so. *ClassCo, Inc.*, 838 F.3d at 1220. Like *Indivior*, the *ClassCo* case did not concern an affirmative assignment to evidence by the Board of "some weight" without explanation. *Id.* Put simply, Volvo Penta does not ask for perfection from the Board. But, Volvo Penta has a right to understand the Board's decision to assess its soundness. The Board's failure deprives both Volvo Penta and this Court of meaningful review.

Further, the Board erred by providing no explanation whatsoever concerning why the purportedly "strong" evidence of obviousness outweighed Volvo Penta's evidence of the secondary considerations. Brunswick provides no excuse for the Board's failure, and instead merely calls the Board's finding a "factual" one reviewed for substantial evidence. Response, 53. But as discussed, the Board provided no basis for its factual conclusion. Appx0088. This too precludes any meaningful review of the Board's conclusions.

## III. The Board's Finding of No Nexus Was Also Unsupported by Substantial Evidence and Legal Erroneous.

The Board also erred by depriving Volvo Penta of a presumption of nexus on the sole basis of a single statement in an issue of "Volvo Group magazine" that the Forward Drive "includes several patented features that make the drive stand out." Appx0067 (citing Appx1735). The Board failed to cite any evidence whatsoever for its conclusory finding that the referenced features "'materially impact[]' the Forward Drive's functionality," thus defeating Volvo Penta's evidence of coextensiveness. And Brunswick presented no other evidence, such as an analysis of Volvo Penta's publicly available issued patents, that support the Board's finding. *See* Response, 44-45.

The presumption of nexus applies when the commercial embodiment is "the invention disclosed and claimed in the patent." *J.T. Eaton & Co. v. Atl. Paste & Glue Co.*, 106 F.3d 1563, 1571 (Fed. Cir. 1997). And importantly, "***[t]his is true***

***even when the product has additional, unclaimed features*.**" *PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 747 (Fed. Cir. 2016) (emphasis added); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1331 (Fed. Cir. 2016) ("[Patentee] was entitled to the presumption of nexus for its objective evidence of non-obviousness because it established that the specific products . . . are embodiments of the invention in the asserted claims."); *Ecolochem, Inc. v. S. Cal. Edison Co.*, 227 F.3d 1361, 1378 (Fed. Cir. 2000) (applying presumption even through commercial embodiment had unclaimed mobility feature). The Board's depriving Volvo Penta of its presumption of nexus, based on an isolated statement in Volvo's corporate magazine – marketing bravado, was error under this Court's precedent.

Brunswick makes no effort to distinguish or even cite the foregoing case law, but instead focuses on *Oren Technologies, LLC v. Proppant Express Investments LLC*, No. 2019-1778, 2021 WL 3120819 (Fed. Cir. July 23, 2021), a case discussed at length in Volvo Penta's Opening Brief (at 58-60). Brunswick however declines to differentiate *Oren Technologies* on the mistaken basis that Volvo Penta reads *Oren Technologies* as "eliminat[ing] the coextensiveness requirement." Response, 46. Not so. *Oren Technologies*' is in accord with this Court's precedent requiring, for the presumption to apply, that the commercial embodiment be "the invention disclosed and claimed in the patent," regardless of

the presence of "additional, unclaimed features." *J.T. Eaton*, 106 F.3d at 1571; *PPC Broadband*, 815 F.3d at 747 (citation omitted).

The independent claims of the '692 Patent broadly cover a forward-facing stern drive and recite the major components of such a stern drive in a specified configuration. The claims do not recite minutia of the stern drive, such as the exhaust-related features which the magazine's marketing bravado commended as making the drive "stand out." The Board's finding that Volvo Penta's presumption of nexus was defeated by the presence of unclaimed features in its patent's commercial embodiment defeats the purpose of the presumption. Put simply, the presumption would virtually never apply. The Board's hyper-strict coextensiveness requirement was legal error.

## IV. Brunswick's Attempt at a Belated Cross-Appeal Based on the Board's Allegedly Errant Claim Construction Should Be Rejected.

For the first time in its Response Brief, Brunswick argues that the Board erred in its claim construction ruling and this Court should thus reverse the rejection of two grounds that the Board found failed to establish the claims as unpatentable. Response, 54-61.[1] However, Brunswick did **<u>not</u>** cross-appeal the

[1] Earlier in its brief, Brunswick also improperly suggests that there are two grounds as relevant on appeal, the first being that claims 1-3, 11-13, 15, and 18 are

Board's claim construction or the Board's determination that the claims were not anticipated or obvious in view of Kiekhaefer (alone or in combination). Brunswick cannot now raise these arguments on appeal for the first time in its Response Brief.

"It is well-established law that 'a party must file a cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment rather than an affirmance.'" *Hamilton Beach Brands, Inc. v. f'real Foods, LLC*, 908 F.3d 1328, 1337 (Fed. Cir. 2018) (quoting *Bailey v. Dart Container Corp. of Mich.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002)). This Court has dismissed such attempts as improper when a cross-appeal is required. *See, e.g.*, *Hamilton Beach Brands*, 908 F.3d at 1337 ("Accepting f'real's § 315(b) argument thus would require that we modify the Board's decision, which means that a cross-appeal was required. Because f'real did not file a cross-appeal, we do not reach the § 315(b) issue."); *see also Bailey*, 292 F.3d at 1362; *Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 731 F.2d 840, 844 (Fed. Cir. 1984).

The Board made clear that the "claims are limited to improvements involving stern drives, and do not encompass, for example, improvements involving outboard propulsion systems." Appx0020; *see also* Appx0010 (Heading: "The Claims Are Limited to Stern Drives."). And as a result of such finding, the

---

anticipated by Kiekhaefer. Response, 6. This is an inaccurate characterization of the issues on appeal and such statement should be ignored by this Court.

Board found that Kiekhaefer did not anticipate the challenged claims (Appx0025) and that the combination of Kiekhaefer and Stechauner did not render obvious other certain claims (Appx0027). Brunswick did not seek appellate review of either of these determinations via cross-appeal, but yet, inexplicably Brunswick now seeks reversal of the Board's determinations as a last ditch "alternative" in its Response Brief. Brunswick suggests no basis for excusing non-compliance with the cross-appeal requirement in this case. Since Brunswick failed to cross-appeal, these arguments have been waived and should be dismissed.

In fact, and acknowledged by Brunswick, should Brunswick's untimely cross-appeal be permitted, a reversal of the Board's decision will be required, which in turn triggers remand for consideration of various issues, including for example, consideration of Volvo Penta's contingent motion to amend. (Appx0115-0116). Such arguments should have been presented in a cross-appeal, and not in a Response Brief in order to backdoor appellate review of issues that have now been waived. *See Hamilton Beach Brands*, 908 F.3d at 1337 ("Although f'real frames its § 315(b) argument as an alternate basis on which to affirm the Board's decision, its argument, if it had merit, could not support affirmance. It would instead require vacatur of the Board's decision and a remand for dismissal of Hamilton Beach's petition entirely.").

## CONCLUSION

For the foregoing reasons, the Board's determination that the claims of the '692 Patent were obvious in view of Brandt and Kiekhaefer should be reversed. At the very least, the Board's decision should be remanded for a reasoned consideration on the record of the totality of the evidence of alleged obviousness in light of Volvo Penta's compelling evidence of the secondary considerations.

Dated: December 12, 2022

Respectfully submitted,

*/s/ John C. Alemanni*
John C. Alemanni
KILPATRICK TOWNSEND &
STOCKTON LLP
4208 Six Forks Road Suite 1400
Raleigh, NC 27609
jalemanni@kilpatricktownsend.com
t: (919) 420-1724
f: (336) 734-2621

N. Dean Powell, Jr.
KILPATRICK TOWNSEND &
STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
dpowell@kilpatricktownsend.com
t: (336) 607-7347
f: (336) 734-2640

Andrew N. Saul
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street NE Suite 2800
Atlanta, GA 30309

asaul@kilpatricktownsend.com
t: (404) 815-6585
f: (404) 541-4632

*Counsel for Appellant*
*Volvo Penta of the Americas, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 22-1765

**Short Case Caption:** Volvo Penta of the Americas, LLC v. Brunswick Corporation

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 5439 words.

☐ the filing has been prepared using a monospaced typeface and includes ___________ lines of text.

☐ the filing contains ___________ pages / ___________ words / ___________ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. ___________).

Date: 12/12/2022

Signature: /s/ John C. Alemanni

Name: John C. Alemanni